IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Takeela Wheeler, | ) | C.A. No. 8:22-987-HMH |
| | ) | |
| Plaintiff, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Walmart Supercenter, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' consent motion to remand. The Plaintiff originally filed suit in the Court of Common Pleas of Newberry County, South Carolina. The complaint alleges a negligence claim against the Defendant and does not specify the amount of damages the Plaintiff is seeking. On March 25, 2022, the Defendant removed the case to federal court on the basis of diversity jurisdiction. See 28 U.S.C. § 1332. In the motion to remand, the parties state that the amount in controversy in this case is less than $75,000.00. (Consent Mot. Remand 1, ECF No. 9.) Further, the Plaintiff has submitted a stipulation stating that damages do not exceed $75,000.00. (Consent Mot. Remand Ex. 1 (Stipulation ¶ 1), ECF No. 9-2.)

Without a basis for federal subject matter jurisdiction, the court must remand the case to state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). A post-removal event, such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit, does not deprive a federal court of diversity jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). However, "[i]f the original pleading failed to state an amount in controversy, or stated an amount in a confusing or ambiguous

1

manner, the district court may" consider later events that clarify the amount in controversy. 14AA Fed. Prac. & Proc. Juris. § 3702.4 (4th ed. 2018); see also Covington v. Syngenta Corp., 225 F. Supp. 3d 384, 389 (D.S.C. 2016) ("[S]tipulation has been used in this Circuit in cases where the amount in controversy is 'indeterminate.'"); Lawson v. Tyco Elecs. Corp., 286 F. Supp. 2d 639, 642 (M.D.N.C. 2003) (considering stipulation where "the amount in controversy is indeterminate from the face of the complaint"); Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1996) (finding that stipulation was the "first evidence of the value of the claim").

The amount in controversy is indeterminate from the face of the complaint. Further, the Plaintiff stipulates that the amount in controversy does not exceed $75,000.00. Based on the consent motion and stipulation, Plaintiff cannot recover a total amount of actual and punitive damages exceeding the sum of $75,000.00, exclusive of interest and costs. Accordingly, the court is without subject matter jurisdiction and remands the case to the state court.

It is therefore

**ORDERED** that the consent motion to remand, docket number 9, is granted. The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Newberry County, South Carolina. Furthermore, with respect to all claims, the Plaintiff is barred from recovering a total amount of actual and punitive damages exceeding Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 14, 2022